## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Randolph Gustave,<br><br>    Plaintiff,<br><br>v.<br><br>Higher Education Loan Authority of the State of Missouri dba MOHELA; and Experian Information Solutions, Inc.,<br><br>    Defendants. | Case No. 2:24-cv-1007 |

## COMPLAINT

### INTRODUCTION

1.    This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.    Plaintiff is an individual residing in Allegheny County, PA.

5.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.    Defendant MOHELA is a furnisher of consumer credit information to consumer reporting agencies.

7.      Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

8.      Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

9.      At relevant times, Plaintiff held a student loan account with the Department of Education, showing on Plaintiff's credit report as "DEPT OF ED/AIDVANTAGE" with an account number 9205****, displaying an original balance in the amount of $11,567.

10.      In or about February 2024, Plaintiff obtained a copy of Plaintiff's consumer credit reports.

11.      On Plaintiff's credit reports, MOHELA was reporting a separate tradeline for an alleged account displaying as "MOHELA/DEPT OF ED" account number displaying as 1205***, and displaying an original balance in the amount of $11,568.

12.      However, there are not two separate accounts – one is a duplicate falsely reporting as separately owed.

13.      The false information regarding the account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

14.      Experian published the inaccurate information regarding the account to third parties.

15.      Plaintiff has lost time and incurred expense working to resolve the adverse information associated with the account to prevent further harm.

## WRITTEN DISPUTE

16.     On or about November 16, 2023, Plaintiff sent a written letter to Experian disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report.

17.     Experian forwarded Plaintiff's dispute to MOHELA for reinvestigation.

18.     MOHELA received notification of Plaintiff's dispute from Experian.

19.     MOHELA failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

20.     Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

21.     MOHELA failed to instruct Experian to correct the false information reporting on Plaintiff's consumer report.

22.     Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

23.     Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

24.     At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## C<small>OUNT</small> I – MOHELA

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

25.    Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

26.    After receiving Plaintiff's dispute, MOHELA failed to correct the inaccurate information regarding the account reporting on Plaintiff's consumer reports.

27.    MOHELA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying inaccurate information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

28.    As a result of this conduct, action, and inaction of MOHELA, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29.    MOHELA's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

30.    In the alternative, MOHELA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

31.     Plaintiff is entitled to recover costs and attorneys' fees from MOHELA pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Experian

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))</u>

32.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33.     After receiving Plaintiff's dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

34.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

35.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.     The conduct, action, and inaction of Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

37.     In the alternative, Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

38.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## C<small>OUNT</small> III – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

39.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40.     After receiving Plaintiff's dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

41.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

42.     As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

43.     The conduct, action, and inaction of Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

44.     In the alternative, Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

<u>**DEMAND FOR JURY TRIAL**</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1.      Trial by jury.

2.      Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.      Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.      The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5.      Any further legal and equitable relief as the court may deem just and proper in the circumstances.


Dated: July 11, 2024


/s/Matthew Gross
Matthew Gross, Esq. (317173)
Law Offices of Matthew Gross, P.C.
608 Laramie Place
Philadelphia, PA 19115
mattgrossesq@gmail.com

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447